**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 96-CR-30065-WDS** |
| | ) | |
| **TONEY D. WHITEHEAD,** | ) | |
| | ) | |
| **Defendant.** | ) | |


**O R D E R**

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion seeking retroactive application of the sentencing guidelines related to crack cocaine offenses (Doc. 74). The Court appointed Assistant Federal Defender Dan Cronin to represent the defendant. The Probation Officer has determined, and appointed counsel concurs, that the defendant is not eligible for a reduction in sentence (Doc. 80), and therefore, there is no change in the guideline computations for his case and he is not entitled to the relief he seeks. Appointed counsel seeks leave to withdraw from representation of the defendant (Doc. 80).

A review of the record, and application of §3582 reveals that the defendant pleaded guilty to all nine counts contained in the Superseding Indictment. Specifically, he pleaded guilty to Conspiracy to distribute cocaine base (Count 1); Distribution of cocaine base (Counts 2,3,5,6, and 7); using and carrying a firearm during and in relation to a drug trafficking offense (Count 4); Possession with intent to distribute cocaine base (Count 8); and, Felon in possession of a firearm (Count 9). He was originally sentenced to a term of imprisonment on these offenses of 322 months, consisting of 262 months on each of

Counts 1-3; 5-8, and 120 months on Count 9, all to be served concurrently and consecutive term of 60 months on Count 4.  In 2010 the Court, in response to a motion made pursuant to the 2007 amendment to the sentencing guidelines related to crack cocaine offenses, reduced the defendant's term of imprisonment to 300 months.  That sentence consisted of 240 months on each of Counts 1-3, 5-8, 120 months on Count 9 to be served concurrently, and 60 months on Count 4 to be served consecutively.

The defendant's convictions carry a 20 year statutory minimum on Count 1 and a mandatory 60 month consecutive sentence on Count 4.  Upon review of the record, the Court **FINDS** that the most recent amendments to the advisory guidelines would not, given the mandatory sentences, result in a lower guidelines range than that which he is currently serving as a result of the Court's 2010 amendment. Therefore, the relief which the defendant seeks is not available to him under the amendments to the advisory Sentencing Guidelines.

Accordingly, the Court **GRANTS** the motion to withdraw (Doc. 80) and attorney Daniel Cronin is hereby withdrawn as counsel for the defendant.   The Court **DENIES** the motions for further reduction in sentence based on the retroactive amendments to the Sentencing Guidelines as the defendant is not eligible for further reductions (Docs. 74 and 78). Defendant's motion for the status of his pending motions (Doc. 79) is **DENIED** as moot.


**IT IS SO ORDERED.**

**DATED: <u>05 April, 2013</u>**


<u> /s/ WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**